# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| AMY VEGA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-257 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| PRO COM SERVICES OF ILLINOIS, INC., | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Amy Vega is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes. Specifically, the alleged debt is for medical services.

5. Defendant Pro Com Services of Illinois, Inc. ("Pro Com") is an Illinois debt collection agency with its principal place of business located at 3301 Constitution Dr, Springfield, IL 62711.

6. Pro Com is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Pro Com is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. PRO COM is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about November 4, 2016, Pro Com mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Consolidated Pathology Consultants SC." A copy of this letter is attached to this complaint as Exhibit A and a copy of the envelope in which it was received is attached as Exhibit B.

9. The alleged debt identified in Exhibit A was for medical services and, thus, only for personal, family or household purposes.

10. With respect to each of the alleged listed in Exhibit A, Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, the creditor (i.e. the medical provider) mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'")

11. The exterior face of Exhibit B containing Plaintiff's mailing address, states in the upper left hand corner, "Do Not Mail Checks to this Address."

12. The Fair Debt Collection Practices Act prohibits unfair debt collection practices. 15 U.S.C. § 1692f.

13. This prohibition includes 15 U.S.C. § 1692f "(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

14. The language on <u>Exhibit B</u> violates the plain language of 15 U.S.C. § 1692f(8). The statute contains no exemptions – any extraneous text on the envelope or on the outside of a self-mailer or that is visible through a "window" on the envelope, violates 15 U.S.C. § 1692f(8).

15. Moreover, the extraneous text indicates that the letter is a debt collection letter. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-04 (3d Cir. 2014) (disclosure through window envelope "implicates a core concern animating the FDCPA—the invasion of privacy."); *Peter v. GC Services L.P.*, 310 F.3d 344, 351 (5th Cir. 2002).

16. In *Peter*, for example, the Fifth Circuit held that text on the envelope impersonating the U.S. Department of Education:[1] "implicates this core concern of the FDCPA [impersonating public officials]." *Peter*, 310 F.3d at 351-52.

17. The language on <u>Exhibit B</u> violates the plain language of 15 U.S.C. § 1692f(8). *Douglass*, 765 F.3d at 303-04; *Peter*, 310 F.3d 351 (5th Cir. 2002).

18. Likewise, in *Douglass*, the Third Circuit held that a collection letter displaying the consumer's account number and a QR code[2] that linked to the consumer's alleged debt, through

---

[1] US Department of Education
P.O. Box 4144
Greenville, TX 75403-4144
Official Business
Penalty for Private Use, $ 300
*Peter*, 310 F.3d at 347.

[2] http://en.wikipedia.org/wiki/QR_code

3

a "glassine" window envelope, violated § 1692f(8). *Douglass*, 765 F.3d at 303 ("Convergent's disclosure implicates a core concern animating the FDCPA—the invasion of privacy.")

19. As in *Douglass* and *Peter*, the language on <u>Exhibit B</u> implicates a core concern animating the FDCPA – privacy.

20. Several sections of the FDCPA prohibit debt collectors from publicly disclosing that the consumer allegedly owes a debt, or that the debt collector is collecting a debt.

21. For example, 15 U.S.C. § 1692f(7) prohibits: "Communicating with a consumer regarding a debt by post card." The content of a post card is visible to anyone who views it.

22. Likewise, 15 U.S.C. § 1692c(b) prohibits most communications with third parties:

> (b) **Communication with third parties**
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

23. 15 U.S.C. § 1692b allows but strictly regulates communications with third parties for the purpose of obtaining the consumer's location information, including explicit prohibitions against stating "that such consumer owes any debt," and using "any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt." 15 U.S.C. §§ 1692b(2), 1692b(5).

24. Privacy of the consumer's personal information, including the existence and amount of a debt, is clearly "a core concern animating the FDCPA." *Douglass*, 765 F.3d at 303-04.

4

25. The statement: "Do Not Send Checks to this Address" on Exhibit A and visible on Exhibit B indicates that the letter inside is seeking payment, presumably to a different address.

26. Exhibits A and B disclose to anyone viewing the exterior of Exhibit B, the existence of a debt and that the letter's purpose is debt collection.

27. The unsophisticated consumer, viewing Exhibit B would conclude that Exhibit B is a debt collection letter.

28. The sole purpose of the above statement is to make clear that Exhibit B is a debt collection letter/envelope.

29. Further, it is simple for a debt collector to comply with 15 U.S.C. § 1692f(8) – do not print extraneous information on the envelopes or allow it to show through the glassine windows of envelopes.

30. Plaintiff was confused by Exhibit A and Exhibit B.

31. The unsophisticated consumer would be confused by Exhibit A and Exhibit B.

32. Plaintiff had to spend time and money investigating Exhibit A and Exhibit B.

33. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A and Exhibit B.

34. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a

cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

35. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. Exhibit B contains extraneous text, which states: "Do Not Send Checks to this Address." Exhibit B discloses the existence of a debt and that it is from a debt collector.

38. The unsophisticated consumer viewing Exhibit B would determine that Exhibit B was mailed by a debt collector.

39. Defendant violated 15 U.S.C. §§ 1692f and 1692f(8).

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter with the text "Do Not Send Checks to this Address" visible on the outside of the envelope (c) seeking to collect a debt for personal, family or household purposes, (d) between February 24, 2016 and February 24, 2017, inclusive (e) that was not returned by the postal service.

41. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

42. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibits A and B</u> violate the FDCPA.

43. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 24, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com